Freeman, J.,
delivered the opinion of the court:
This is an action for libelous publication alleged to have been made by defendant. The jury found for the plaintiff, and assessed his damages at one dollar. Thereupon, the court gave judgment for this sum, and adjudged all the cost against defendant.
By sec. 3198, under title of “Costs in Civil Actions” [Shannon’s Code, sec. 4939], it is provided: “In civil actions founded upon assaults, assault and battery, malicious prosecution, false imprisonment, slanderous words, or for the recovery of damages for overflowing of water by the erection of a grist mill, or other works of utility, the plaintiff recovers no more costs than .damages, unless Lhe recovery exceed five dollars.”
By sec. 3402, under title of “Slander and Libel” [Shannon’s Code, sec. 5157], where the verdict in slander is under five dollars, the plaintiff shall recover “no more costs than damages.” We will not undertake to- reconcile the two conflicting provisions — that is, in the one case the recovery shall not be more than the damages, unless the recovery exceed five dollars; and the other, that when the verdict in slander is under five dollars, the plaintiff shall recover no more costs than damages. [Reconciled. See note 1, under sec. 4939 of the Code.]
This is one of the few oversights and conflicting provisions incident to the work of compiling such a work as our Code, and one that ought to have been remedied long since by the legislature.
*47 The amount is under five dollars in tbis case — that is, only one dollar, and the only question is whether the provision, 8402. applies to cases of written or printed slander, as well as to words spoken. We think such is the fair meaning of the legislature, and it was not intended to discriminate between slanderous words spoken and libelous publications written or printed:
The mischief intended to be guarded against is precisely the same in both cases. It was to discourage in such cases the bringing of suits of this character, always involving more or less bitterness and acrimony of feeling, and usually attended with heavy costs in courts. When the matter was of a light and frivolous character, when'the fact was ascertained by the verdict of jury that the matter was of so little importance or injury as not to demand damages, neither to the amount of five dollars or over it, it was intended the party who had such a recovery should only recover against his opponent costs commensurate with the damages by the jury assessed. In this view, the judgment of the court giving full costs was erroneous. • There are other errors in the record, bufias counsel for the plaintiff below assents to a reversal, we do not deem it necessary to notice them.
Reverse the case and remand for a new trial.