EDEN *et al. v.* CELSOR.

*(Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

W. A. BARRY, of Hartsville, for plaintiffs in error.

ROBERTS & ROBERTS, of Nashville, and J. D. McMURRAY, of Hartsville, for defendant in error.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

This is an action for libel. Bond for costs was executed. On a rule to justify said bond, it was admitted to be insufficient and plaintiffs were ordered to give a sufficient bond. This was not done, and the court ordered that the case stand dismissed, unless within thirty days from the date of the order a good and solvent bond for costs be given. Plaintiffs, instead of giving the required bond, took the pauper's oath. Whereupon defendant moved the court to dismiss the case for the want of a cost bond. The court allowed the motion and dismissed the case. Plaintiffs excepted to the action of the court in dismissing the case and prayed an appeal to this court, which appeal was allowed by the court and plaintiffs were permitted to prosecute their appeal on the pauper oath.

Defendant has filed his written motion in this court to dismiss the appeal for want of a bond for costs.

The one question presented for determination is whether or not plaintiffs can prosecute their action for libel on the pauper's oath.

Section 9075 of the Code provides that no leading process shall issue from any court without security being given by the party at whose instance the action is brought, for the successful prosecution of his action, and, in case of failure, for the payment of all costs, and damages awarded against him, unless in cases and instances specially excepted.

Section 9080 of the Code provides, in part, as follows:

"Except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce, any resident of this state may commence an action without giving security as above required by taking and subscribing the following oath in writing."

█ The exception, "slanderous words," is comprehensive enough to embrace both oral and written defamation. The modern distinction between libel and slander cannot, we think, be permitted to narrow the construction to be placed upon the exception so as to make it applicable alone to spoken words. It was undoubtedly the intention of the Legislature to require security for costs in actions based upon defamatory words, whether spoken or written.

In *Rosenfeld* v. *Guggenheim*, 3 Shan. Cas., 46, this court held that section 3402, Code of 1858 (brought forward as section 9313 of the Code of 1932), providing that "where the verdict in slander is under five dollars, the plaintiff shall recover no more costs than damages," applies to libelous publications written or spoken. The court said:

"The amount is under five dollars in this case—that is, only one dollar, and the only question is whether the provision, 3402, applies to cases of written or printed slander, as well as to words spoken. We think such is the fair meaning of the legislature, and it was not intended to discriminate between slanderous words spoken and libelous publications written or printed.

"The mischief intended to be guarded against is precisely the same in both cases. It was to discourage in such cases the bringing of suits of this character, always involving more or less bitterness and acrimony of feeling, and usually attended with heavy costs in courts."

601

An appeal being in the nature of an action, security for costs must be given, unless the case be one that may be prosecuted upon the pauper oath, under Code, section 9080. It was error, therefore, for the trial judge to allow plaintiffs to appeal on the pauper oath in this case.

Our conclusion is that the judgment of the trial court in dismissing the suit for the want of a prosecution bond must be affirmed.

Plaintiffs will pay the costs of the appeal.